UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUBAREZ AHMED, individually;

    Plaintiff,

-v-

No.   18-cv-13849
Hon.  George Caram Steeh
Mag. Elizabeth Stafford

ERNEST WILSON, in his individual capacity;

**ORAL ARGUMENT REQUESTED**

    Defendant.

## PLAINTIFF'S MOTION TO ENFORCE AGREEMENT TO ARBITRATE

Plaintiff, Mubarez Ahmed, respectfully moves this Court to GRANT his motion to enforce the binding arbitration agreement agreed to by counsel for the parties in October 2020.  The arbitration panel has been selected and is scheduled for March 22-23, 2021.  In support of Plaintiff's motion, he states the following:

1.    The undersigned counsel certifies that counsel personally spoke to opposing counsel, Michael Weaver, on February 22, 2021, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

2.    Plaintiff filed the instant wrongful conviction case on December 12, 2018.  *See* ECF No. 1, PageID.1-22.

3.    Following discovery and pursuant to this Court's order, the parties

engaged in a mediation hearing with mediator, Kathleen Bogas, on October 2, 2020.

4. While the mediator was unsuccessful at resolving the case, the parties' counsel tentatively agreed to binding arbitration with a "high-low" arrangement. Defense counsel was given until October 10, 2020, to accept the terms. **(Email, K. Bogas, 10-02-20, Exhibit 1)**.

5. The defense, specifically City of Detroit Corporation Counsel, Lawrence Garcia, agreed to arbitration and the matter proceeded to selecting a three-person "neutral" panel.

6. The parties selected retired judges Daniel Ryan, Joseph Donofrio, and William Murphy as the panel. **(Email, 11-04-20, Exhibit 2)**.

7. Ultimately, the parties were able to agree on dates for the arbitration. Lead neutral arbitrator, Hon. Daniel Ryan (ret.), confirmed March 22-23, 2021 as the dates for the arbitration. **(Email, 11-23-20, Exhibit 3)**.

8. Plaintiff forwarded a draft Arbitration Agreement to defense counsel on December 21, 2020. **(Email, 12-21-20, Exhibit 4)**.

9. To date, the agreement has not been executed and returned. The City of Detroit asserts that any agreements are not valid unless they are approved by Detroit City Council. Plaintiff strongly suspects that the City Law Department has not informed City Council of the arbitration.

10. Plaintiff seeks an Order from the Court compelling arbitration in accordance with the agreed-upon terms.

11. Plaintiff further seeks a telephone conference in advance of oral argument to discuss the matter with the Court and requests an Evidentiary Hearing to establish the facts of the agreement.

12. Plaintiff relies on the authorities cited in the attached brief in support of the instant motion.

13. I, Wolfgang Mueller, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

s/Wolfgang Mueller
WOLFGANG MUELLER (P43728)
Mueller Law Firm
Attorney for Plaintiff
41850 W. Eleven Mile Road, Ste. 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com

Dated:  February 22, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUBAREZ AHMED, individually;

    Plaintiff,

-v-

No.   18-cv-13849
Hon.  George Caram Steeh
Mag.  Elizabeth Stafford

ERNEST WILSON, in his individual capacity;

**ORAL ARGUMENT REQUESTED**

    Defendant.

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
TO ENFORCE AGREEMENT TO ARBITRATE**

**LEGAL ARGUMENT**

**1.    Defendant is bound by the arbitration agreement under the doctrine of apparent agency.**

According to the Restatement of Agency, "[a]pparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." Restatement (Second) of Agency, § 8. Michigan courts accept this definition of apparent authority. *Capital Dredge & Dock Corp. v. City of Detroit*, 800 F.2d 525, 530 (6th Cir. 1984) (citing *Grosberg v. Michigan National Bank-Oakland*, 420 Mich. 707; 362 N.W.2d 715 (1984)). Thus, a third party who reaches a settlement agreement with an attorney employed

to represent his client in regard to the settled claim is generally entitled to enforce a settlement agreement even if the attorney was acting contrary to the client's express instructions. *Accord Nelson v. Consumers Power Co.*, 198 Mich.App. 82; 497 N.W.2d 205, 208-09 (1993) (adopting the reasoning and holding of *Capital Dredge* and affirming the trial court's enforcement of a settlement agreement after finding that the defendant had justifiably relied on the plaintiff's attorney's telephone and written communications that the settlement offer had been accepted). The rationale for this rule is obvious: "But for this rule of law, prudent litigants could not rely on opposing counsel's representation of authorization to settle. Fear of a later claim that counsel lacked authority to settle would require litigants to go behind counsel to the opposing party in order to verify authorization for every settlement offer." *Capital Dredge*, 800 F.2d at 531.

    In the instant matter, the paper trail of communications between the parties clearly sets forth that there was an agreement to submit the case to binding arbitration. The parties reached a tentative agreement at the mediation hearing on October 2, 2020. The parties' counsel agreed to appoint a three-person "neutral" panel and confirmed the dates for the arbitration on March 22-23, 2021.

    To date, Defendant has not signed the arbitration agreement proffered by Plaintiff's counsel on December 21, 2020. Now, Defendant's counsel has communicated that he cannot go through with the arbitration because City Council

has yet to approve of the arbitration agreement.

Plaintiff's council strongly suspects that Corporation Council has not even presented the agreement to City Council (as was represented several weeks ago) because City Council would have acted one way or another by now.  It appears to Plaintiff's counsel that Corporation Counsel is engaged in gamesmanship so it can renege on the agreement.

### REQUEST FOR RELIEF

Plaintiff has an enforceable agreement.  The arbitration is just one month away.  Plaintiff respectfully requests that this Court issue an order GRANTING Plaintiff's Motion to Enforce the Arbitration Agreement and, if necessary, schedule an immediate evidentiary hearing so Plaintiff's counsel can place Corporation Counsel and a representative of City Council on the record to address the agreement.

s/Wolfgang Mueller
WOLFGANG MUELLER (P43728)
Mueller Law Firm
Attorney for Plaintiff
41850 W. Eleven Mile Road, Ste. 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com

Dated:  February 22, 2021

3

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on 2/22/21, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

      I further hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  N/A

      s/Wolfgang Mueller
      MUELLER LAW FIRM
      41850 W. Eleven Mile, Suite 101
      Novi MI 48375
      248-489-9653
      wolf@wolfmuellerlaw.com
      (P43728)