**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

MUBAREZ AHMED, individually,

    Plaintiff,

vs.                                                                        Case No. 18-cv-13849

ERNEST WILSON, and                                      Judge George Caram Steeh

CITY OF DETROIT,                                           Mag. Judge Elizabeth A. Stafford

    Defendants.

_____/

Wolfgang Mueller  P43728
Mueller Law Firm
Attorneys for Plaintiffs
41850 W. Eleven Mile
Suite 101
Novi, MI 48375
(248) 489-9653
wolf@wofmuellerlaw.com

Michael D. Weaver  P43985
Plunkett Cooney
Attorney for Defendants
38505 Woodward
Suite 100
Bloomfield Hills, MI  48034
(248) 901-4025
mweaver@plunkettcooney.com

Lawrence T. García P54890
Corporation Counsel
James D. Noseda P52563
City of Detroit Law Department
Attorneys for City of Detroit
Coleman A. Young Municipal Center
2 Woodward Ave., 5th Floor
Detroit, MI 48226
313-224-4550
garcial@detroitmi.gov
nosej@detroitmi.gov

**CITY OF DETROIT'S RESPONSE TO MEMORANDUM (ECF #53) SEEKING TO DISCOVER THE RECOMMENDATION MADE BY CHIEF CRAIG TO THE CORPORATION COUNSEL REGARING SGT. ERNEST WILSON'S REQUEST FOR DEFENSE AND INDEMNIFICATION BY THE CITY OF DETROIT FOR THIS LAWSUIT**

1

## QUESTION PRESENTED

Is the recommendation made by the Chief of Police to the Corporation Counsel regarding whether the City shall provide defense and indemnity in this lawsuit as requested by Sgt. Wilson under Detroit Code §35-2-101, et seq., not discoverable because it is not relevant to any claim or defense in this action, is an attorney client privileged communication, and is protected by the work product doctrine?

The City answers yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Page(s)

Cases

*Allen v. Howmedica Leibinger*,
  190 F.R.D. 518 (W.D.Tenn.1999) ................................................................. 9
*Allen v Lickman*,
  2014 WL 12768355 ........................................................................................ 8
*Lewis v. ACB Bus. Servs., Inc.*,
  135 F.3d 389 (6th Cir. 1998) .......................................................................... 9
*Reed v. Baxter*,
  134 F.3d 351 (6th Cir. 1998) ........................................................................ 10
*Reg'l Airport Auth. of Louisville v. LFG, LLC*,
  460 F.3d 697 (6th Cir. 2006) ........................................................................ 10
*Ross v. City of Memphis*,
  423 F.3d 596 (6th Cir. 2005) ........................................................................ 10
*Swidler & Berlin*,
  524 U.S., 118 S.Ct. 2081 .............................................................................. 10
*United States v. Roxworthy*,
  457 F.3d 590 (6th Cir.2006) ................................................................... 11, 12
*Upjohn Co. v United States*,
  449 U.S., 383 (1981) .................................................................................... 10
*Wynes v City of Royal Oak*,
  2017 WL 2222551 .......................................................................................... 8

Rules

Fed. R. Evid. 501 ............................................................................................... 10
Fed.R.Civ.P. 26(b)(1) .................................................................................... 9, 11

APPLICABLE CHARTER AND CODE PROVISIONS

Detroit Charter § 7.5-203 provides in part: "Upon request, the Corporation Counsel may represent any officer or employee of the city in any action or proceeding involving official duties." Detroit Charter § 7.5-201 provides in part: "Upon request of an agency or officer, the Corporation Counsel may retain an outside law firm or attorney as Special Corporation Counsel for any particular matter or proceeding."

For many decades the Detroit City Code has provided for City Council to approve the defense and indemnity of employees sued for conduct undertaken in the course of their duties.

DIVISION 5. - DEFENSE AND INDEMNIFICATION OF EMPLOYEES AGAINST CLAIMS AND LAWSUITS

Sec. 35-2-101. - Definitions.

For the purposes of this division, the following words and phrases shall have the meaning respectively ascribed to them by this section:

*Employees* means appointees as defined in Section 2-105(a)(14) of the Charter, all employees on the City payroll, including all physicians and dentists employed on a salaried or contractual basis by the Health Department, retired employees, and appointive officers.

*Official duties* means acts done pursuant to authority conferred by law or within the scope of employment or in relation to matters committed by law to the officer or employee's control or supervision or committed to the department or office under whose authority the officer or employee is acting, whether or not there is negligence in the doing of such acts. Where there is willful misconduct or lack of good faith in the doing of any such acts, the same shall not constitute the performance of the official duties of any appointive officer or employee of the City within the operation or effect of this division.

Sec. 35-2-102. - Council may order reimbursement for certain causes.

At the discretion of, and only upon approval by, the City Council, the City may pay, on behalf of any City officer or employee, all or part of any sum which such officer or employee might become legally obligated to pay as monetary damages due:

(1) To bodily injury, sickness or disease, including death, at any time resulting therefrom, sustained by any person;

(2) To damage to or destruction of property, including the loss of use thereof; or

4

(3)  To illegal confinement, detention, or other alleged injury caused by or arising out of the performance in good faith of the official duties of any such officer or employee.

Sec. 35-2-103. - Conditions for defense and reimbursement by City.

No payment shall be made pursuant to Section 35-2-102 of this Code except under the following conditions:

(1)  Whenever an officer or employee of the City has cause to believe that such officer or employee may be sued by reason of, or as the result of, the performance in good faith of such officer's or employee's official duties, such officer or employee shall promptly file with the Corporation Counsel a written notice of the act performed or the occurrence which gives rise to such belief, containing a statement of the facts and circumstances thereof, including names and addresses of persons who might bring suit, if known, to such officer or employee, and the names and addresses of any witnesses, if likewise so known; and

(2)  **Upon the receipt of any claim, demand, notice, summons or complaint, the officer or employee shall promptly forward the same to the Corporation Counsel. In addition thereto, such officer or employee shall promptly file a written request that such officer or employee be represented by the Law Department in the matter. Such request shall first be submitted to the director of the department where such officer or employee is working.** *It shall then be the duty of the department director to transmit the request for representation to the Corporation Counsel, along with the department director's recommendation as to whether or not the officer or employee should be represented*;

(3)  The officer or employee shall cooperate with the Corporation Counsel, and upon the request of the Corporation Counsel shall attend hearings and trials and assist in effecting settlements, securing and giving evidence and obtaining the attendance of witnesses, provided, that such officer or employee shall not, except at such officer or employee's own cost, voluntarily make any payment, assume any obligation or incur any expense in connection therewith;

(4)  The officer or employee shall consent to and concur in any compromise or settlement of the claim or suit against such officer or employee; and

(5)  **The City Council must find and determine that the claim, demand, or suit against the officer or employee arises out of or involves the performance in good faith of the official duties of the officer or employee involved.**

Sec. 35-2-104. - **Report to Council by Corporation Counsel.**

Whenever the Corporation Counsel receives from any City officer or employee, any claim, demand, notice, summons or complaint with such officer or employee's request for representation by the Corporation Counsel with the recommendation of the department director as provided in Section 35-2-103(2) of this Code, the Corporation Counsel shall promptly transmit to the

5

> **City Council a report on the matter, together with the Corporation Counsel's recommendation as to whether or not the Law Department should represent the officer or employee as requested, and whether or not the City Council should find and determine that the claim, demand or suit against the officer or employee arises out of or involves the performance in good faith of the official duties of such officer or employee.**
>
> Sec. 35-2-105. - Determination by City Council.
>
> (a) **Upon receipt from the Corporation Counsel of the report and recommendation provided for in Section 35-2-104 of this Code, the City Council shall consider and determine whether the Corporation Counsel shall represent the officer or employee in the matter and find and determine whether or not the claim, demand or suit arises out of or involves the performance in good faith of the official duties of such officer or employee.** However, pending such determination by the City Council, the Corporation Counsel shall represent any officer or employee making request therefor which had been approved by the department director as provided in Section 35-2-103(2) of this Code.
>
> (b) The finding and determination by the City Council as to whether or not any such claim, demand or suit arises out of or involves the performance in good faith of the official duties of such officer or employee shall be binding and final.[1]
>
> 2019 Detroit Code § 35-2-101 et seq. (emphasis added).

Plaintiff's Motion flies in the face of these rules and the traditions established by the City.

---

[1] For certain police officers, including Sgt. Wilson, the finality of the Council's determination has been modified by collective bargaining agreement (CBA). The CBA here provides:

> The City will provide legal counsel and pay any costs and judgments that arise out of lawsuits filed against Employees alleging any act committed while said Employee was in the good faith performance of his duties. A contrary determination by the City is not final and binding as provided by the Municipal Code of the City of Detroit but is subject to review by an arbitration panel under the grievance arbitration provisions of this Agreement. Pending a final determination of whether or not the Employee is entitled to defense and indemnification by the City, the City shall promptly undertake such defense on behalf of such Employee. This provision shall otherwise be in accordance with Section 13-11-3 of the Municipal Code of the City of Detroit [re-codified as § 35-2-103].

BACKGROUND AND SUMMARY OF ARGUMENT

Plaintiff moved to compel arbitration (ECF #43) of this lawsuit. The defendant's response informed the Court that City Council had not yet approved the proposed agreement to arbitrate, that Council would not do so until it had first decided whether to approve defense and indemnity under the applicable City Code (§35-2-105), and that the Chief of Police had only recently made a recommendation to the Corporation Counsel on whether the City should defend and indemnify Sgt. Wilson.[2] The motion to compel arbitration was resolved by an order setting a 30-day deadline for the Law Department to submit a recommendation to Council on defense and indemnity, with other deadlines to follow, based upon the Council's determination.

There is no motion presently pending before the Court. At the March 10, 2021 hearing on the motion to compel arbitration, Plaintiff's counsel asked for proof that the Chief had only recently made his recommendation to the Law Department, and counsel asked the Court to order briefing on whether that recommendation should be produced. The Court allowed the plaintiff seven days to file a motion on the subject, and 14 days for the defendant to respond. Instead of filing a motion as the Court allowed, plaintiff filed a memorandum, claiming that the Chief's recommendation is discoverable. Plaintiff appears to seek an advisory opinion on a motion to compel discovery that he has not filed.

Notwithstanding the poor form of the Plaintiff's request, there is another fundamental defect in the plaintiff's memorandum – the failure to explain how the Chief's communication to

---

[2] The Chief's communication to the Corporation Counsel was made on January 26, 2021. It consists of 255 pages in total. The first 5 pages relate to the recommendation on defense and indemnity, the next 7 pages are Sgt. Wilson's disciplinary information (which is not relevant since there is no *Monell* claim pending). The remaining 213 pages are the homicide file underlying this case, which was produced long ago in discovery.

7

the Corporation Counsel is relevant to any claim or defense in the case. The communication was made solely for the purpose of informing the Corporation Counsel in regard to him providing legal advice to the City Council on whether to defend and indemnify Sgt. Wilson. That determination is not relevant to this action; it does not go to the merits of the plaintiff's claims.

At the March 10 hearing, counsel for the City informed the Court that in the process of determining whether to defend and indemnify, the City Code requires the Department Director (here the Police Chief) to make a recommendation to the Corporation Counsel, whereupon the Corporation Counsel would make a recommendation to City Council. Plaintiff's memorandum contends that the requirement for the Chief to communicate with the Corporation Counsel is not found in the City Charter, suggesting that it is "simply a negotiating tactic." (ECF No. 53, Page ID 912 and n. 2.) This suggestion is both meaningless and preposterous. Plaintiff's memorandum fails to mention or address the ordinance that governs the defense and indemnity inquiry[3] (as well as the Charter provisions cited above providing for employee representation by the Corporation Counsel). Plaintiff's *faux pas* in this regard was no mere oversight, but a clumsy attempt to mislead the Court. As is plain from the procedure set forth in the ordinance, the Chief's recommendation to the Corporation Counsel *is* required in the course of the Corporation Counsel providing legal advice to the City Council. The Chief's communication, made solely for and in the context of pending litigation, is undoubtedly subject to an attorney-client privilege; it is also work product.

Ignoring the lack of relevance, plaintiff's memorandum contends that the communication from the Chief to the Corporation Counsel is not attorney client privileged and not work product,

---

[3] The ordinance is cited twice in the City of Detroit's Response To Motion To Enforce Agreement To Arbitrate See, ECF #50, Page ID 898 and 900 at n.2.

8

but rather is an internal police investigation subject to discovery. Plaintiff cites three unpublished cases, none of which support his argument: one case sought personnel records (*Wynes v City of Royal Oak*, 2017 WL 2222551), a second sought discipline and incident records of a correctional facility (*Allen v Lickman,* 2014 WL 12768355), and a third sought an internal affairs investigation of a citizen complaint made prior to a plaintiff filing suit (*Southwest Metals, Inc. v City of Detroit*, 2016 WL 54773313).

Not surprisingly, plaintiff does not cite any case ordering production of a communication prepared for counsel with respect to a pending lawsuit. None of the cases cited by plaintiff has any application to the communication sought here which was created for one purpose – after this lawsuit was filed – to inform the City Council's decision, upon the advice of the Corporation Counsel, whether the City will defend and indemnify Sgt. Wilson. The Police Chief, as a City Department Director, made a recommendation to the Corporation Counsel to inform the Corporation Counsel who is providing legal advice to the City Council on whether the approve defense and indemnity for a city employee being represented by the Corporation Counsel.[4] The privileges extends to Sgt. Wilson under the common interest doctrine.

## LAW AND ARGUMENT

1. The Police Chief's Recommendation To The Corporation Counsel On The Question Of Whether City Council Should Approve Defense and Indemnity For Sgt. Wilson In This Lawsuit Is Not Discoverable Because it Is Not Relevant To Any Claim Or Defense In This Case.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible

---

[4] In this case, as authorized by the Charter by a contract approved by City Council, attorney Mike Weaver was retained as a Special Assistant Corporation Counsel to represent Sgt. Wilson.

9

at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "[D]iscovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1). *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Once an objection to the relevance of the information sought is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action. *Allen v. Howmedica Leibinger,* 190 F.R.D. 518, 522 (W.D.Tenn.1999).

Plaintiff has not demonstrated that the Chief's recommendation to the Corporation Counsel on the question of providing defense and indemnity is relevant to any claim or defense, or that it will lead to the discovery of admissible evidence. Plaintiff contends only that the information is discoverable based upon his mistaken and unsubstantiated claim that this was a routine internal police department investigation, when in fact, the recommendation was made to the Corporation Counsel for the purpose of providing legal advice to the City Council on defense and indemnity in pending litigation.

2. The Recommendation To The Corporation Counsel By The Chief Of Police, Made For The Purpose Of Corporation Counsel Providing Legal Advice To The City Council On Whether To Approve Defense And Indemnity For Sgt. Wilson In This Lawsuit, Is Not Discoverable Because It Is Protected By The Attorney Client Privilege And The Work Product Doctrine.

In federal question cases issues of privilege are determined by application of federal common law. *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 712 (6th Cir. 2006); Fed. R. Evid. 501. It is well settled that private corporations and other organizations may constitute clients for purposes of the attorney-client privilege. *Upjohn Co. v United States*, 449 U.S., 383 (1981). The privilege extends to municipal corporations. *Ross v. City of Memphis*, 423 F.3d 596, 605 (6th Cir. 2005). *Ross, supra*, specifically recognized that the privilege applies in

10

§1983 cases: "Just as "a client may not know at the time he discloses information to his attorney whether it will later be relevant to a civil or criminal matter," *Swidler & Berlin,* 524 U.S. at 409, 118 S.Ct. 2081, an official will not know whether his comments will later be used in a § 1983 case or some other civil proceeding." *Id*. 604. The "privilege helps insure that conversations between municipal officials and attorneys will be honest and complete." *Id.* at 602. When the privilege applies, "generally in conversations between municipal officials and the municipality's counsel, the municipality ... is the client." *Id.* at 605.

Under federal common law principles, the attorney-client privilege applies: (1) "[w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998).

In this case, the City Council is the client of the Corporation Counsel with respect to defense and indemnity under the City Code.[5] The City Council, by ordinance, requires the Corporation Counsel's legal advice on this question, and this makes good sense given the potential consequences of the Council's decision. (All such decisions carry monetary consequences, and denials may trigger claims for breach of contractual obligations under collective bargaining agreements). To that end, the Corporation Counsel submits a confidential memorandum to City Council, along with a cover letter and a proposed resolution. The confidential communication includes the recommendation to the Corporation Counsel by the applicable Department Director. The Department Director's recommendation is a privileged

---

[5] The attorney client and work product privileges for the advice to City Council by the Corporation Counsel extends to Sgt. Wilson (represented by Special Assistant Corporation Counsel) under the common interest doctrine.

communication made to the Corporation Counsel in the context of legal advice given to City Council. The communication at issue here, between counsel and a public official, falls squarely within the scope of the attorney-client privilege.

The recommendation prepared by the Chief for the Corporation Counsel also is protected work product. The work-product doctrine "protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative." *United States v. Roxworthy,* 457 F.3d 590, 593 (6th Cir.2006). The doctrine is codified in Federal Rule of Civil Procedure 26(b)(3)(A) which states in pertinent part that a party may not ordinarily discover — save for a showing of "undue hardship" — "documents or tangible things that are prepared in anticipation of litigation ... by or for another party or its representative . . . ."

A court considering the issue must consider "(1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable." *Roxworthy, supra,* at 594. Here, the Chief's recommendation to the Corporation Counsel was prepared specifically for and only in the context of pending litigation. Plaintiff has made no showing of substantial need for that work product as required by the court rule.

For the reasons stated above, the plaintiff's memorandum seeking to discover the Police Chief's recommendation to the Corporation Counsel on the question of defense and indemnity for the defendant here must be denied.

City of Detroit,

By:/s/ James D. Noseda P52563

CERTIFICATE OF SERVICE

I certify that on March 24, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties.

/s/James D. Noseda